1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CURTIS LEE SWYGERT,

11              Plaintiff,              No. CIV S-05-1033 MCE KJM P

12        vs.

13   J.Z. SCOTT, et al.,

14              Defendants.        FINDINGS & RECOMMENDATIONS

15   _____/

16              Plaintiff is a California prisoner proceeding pro se with an action for violation of

17   civil rights under 28 U.S.C. § 1983.  Defendants have filed a motion to dismiss arguing that

18   plaintiff lacks standing to bring the claim alleged in his complaint.[1]

19              In considering a motion to dismiss, the court must accept as true the allegations of

20   the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740

21   (1976), construe the pleadings in the light most favorable to the party opposing the motion and

22   resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

23   Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

24   _____

25        [1] Defendants' motion was originally filed by defendants Cheng, Cry, Cullen, O'Ran,
     Piazza, Rogers, Schwartz and Scott on April 10, 2006.  Defendant Jones joined the motion on
26   May 25, 2006 and defendant Imhoff joined the motion on December 11, 2006.  Plaintiff's
     objection to Imhoff's joinder is overruled.

1   Haines v. Kerner, 404 U.S. 519, 520 (1972).  A motion to dismiss for failure to state a claim

2   should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in

3   support of the claim that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S.

4   69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt

5   Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

6          In his complaint, plaintiff alleges that defendants confiscated certain legal

7   materials from plaintiff, which resulted in a California Supreme Court action plaintiff was

8   pursuing being denied as untimely.  In the state suit, plaintiff sought state habeas relief on the

9   ground he was unlawfully denied parole.  Compl. at 5.  These allegations state a claim for relief

10  for denial of access to courts under the First Amendment.  See December 12, 2005 Order.

11  Plaintiff seeks the return of his documents, and damages.  Plaintiff also asserts violations of state

12  law.  Id. at 4-5.

13         Defendants argue that plaintiff's First Amendment claim should be dismissed

14  because plaintiff was able to litigate his state habeas action.  Mot. at 4-5.  In support of their

15  argument, defendants present an application for writ of habeas corpus filed in this court in

16  January of 2006.  Mot., Ex. B.  Attached to that petition is a copy of the decision of the

17  California Supreme Court denying petitioner's state court habeas petition related to the denial of

18  parole.  Mot., Ex B. at 7.[2]  The petition was not denied as untimely.  Id.  Therefore, defendants

19  suggest, plaintiff has not suffered any injury as a result of the confiscation of his legal materials.

20         In his opposition, plaintiff does not deny that he was able to litigate his state

21  petition.  Rather, plaintiff now asserts that the loss of documents prevented him from establishing

22  a *prima facie* case in his habeas petition and that the State of California gained an unfair

23  /////

24

25         [2]  The court takes judicial notice of these documents under Federal Rule of Evidence
    201(b) and, therefore, may consider the information including therein in deciding defendants'
26  motion to dismiss.  U.S. v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

1 advantage in the habeas proceeding by reviewing the documents defendants seized.  Opp'n at 3.[3]

2       Under <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996), to assert a cognizable claim for

3 denial of access to courts under the First Amendment, a plaintiff must allege that the actions of

4 defendants resulted in some "actual injury" such as dismissal of an action or resulted in

5 plaintiff's being unable to file an action that was arguably meritorious.  By alleging that

6 defendants' actions led to the dismissal of his state habeas action as untimely, plaintiff initially

7 satisfied the "actual injury" requirement of  <u>Lewis v. Casey</u>.

8       On the record now before the court, however, it is no longer disputed that

9 petitioner's state habeas action was denied on the merits of the petition and not as untimely.

10 Therefore, plaintiff's complaint cannot fairly be construed to allege that plaintiff suffered an

11 "actual injury" as a result of any action by defendants resulting in denial of access to the courts.

12       Plaintiff's assertion that the State of California somehow gained an unfair

13 advantage by reviewing the documents allegedly confiscated does not save plaintiff's claim.

14 Plaintiff fails to put forth any explanation as to how the state gained any advantage in reviewing

15 plaintiff's documents.  Moreover, whether the state gained an advantage or not has no bearing on

16 whether plaintiff was denied access to the courts.

17       Plaintiff's bare assertion that he could have stated a *prima facie* case and survived

18 denial of his petition if he had the confiscated documents is equally unavailing.  Plaintiff fails to

19 present any facts in support or otherwise explain his assertion.  <u>See</u> Opp'n at 3.  As it stands,

20 there is no reason to believe plaintiff could state a claim upon which relief can be granted.

21 Therefore, the court will recommend that plaintiff's denial of access to courts claim be

22 dismissed.

23 /////

24

25    [3]  Plaintiff also claims in his opposition that the confiscation of the documents was an act of retaliation.  However, plaintiff does not assert why he was allegedly retaliated against.  Furthermore, plaintiff makes no mention of retaliation in his amended complaint on which this

26 action is proceeding.

1        The court has supplemental jurisdiction over plaintiff's state law claims pursuant

2   to 28 U.S.C. § 1367.  However, when all federal claims have been dismissed before trial, the

3   interests promoted by supplemental jurisdiction are no longer present, and a court should decline

4   to exercise jurisdiction over such claims.  Carnegie-Mellon University v. Cohill, 484 U.S. 343,

5   350 n.7 (1988).  The court will recommend that plaintiff's state law claims be dismissed without

6   prejudice to filing in state court.

7        In accordance with the above, IT IS ORDERED that:

8        1.  Defendant Jones' May 25, 2006 request to join the April 10, 2006 motion to

9   dismiss is granted; and

10        2.  Defendant Imhoff's December 11, 2006 request to join the April 10, 2006

11   motion to dismiss is granted.

12        IT IS HEREBY RECOMMENDED that:

13        1.  Defendants' April 10, 2006 motion to dismiss be granted;

14        2.  Plaintiff's denial of access to courts claim be dismissed;

15        3.  Plaintiff's claims arising under state law be dismissed without prejudice to

16   refiling in state court; and

17        4.  This case be closed.

18        These findings and recommendations are submitted to the United States District

19   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

20   days after being served with these findings and recommendations, any party may file written

21   objections with the court and serve a copy on all parties.  Such a document should be captioned

22   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

23   /////

24   /////

25   /////

26   /////

shall be served and filed within ten days after service of the objections.  The parties are advised
that failure to file objections within the specified time may waive the right to appeal the District
Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 16, 2007.

U.S. MAGISTRATE JUDGE

1
swyg1033.57